FILED
2026 Sep-25 PM 01:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CAIN PRITCHETT, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **2:24-cv-161-EGL** |
| | ) | |
| **UNITES PARCEL SERVICES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This case involves claims by truck drivers against their employer under the Fair Labor Standards Act (FLSA). The truck drivers and the employer have entered into a settlement agreement, and the FLSA requires the Court to scrutinize the fairness of the agreement before dismissing the case. Consequently, the Plaintiffs have filed an Unopposed Motion for Settlement Agreement Approval. *See* Doc. 56. After reviewing the motion and hearing from counsel for all parties, the Court is satisfied that the Agreement is fair. Plaintiffs' motion is therefore due to be **GRANTED**.

## BACKGROUND

Plaintiffs are employees of United Parcel Services (UPS). Doc. 20 at ¶¶41-42. They are package delivery drivers and feeder drivers who spend part of their workday inside the City of Attalla and part of it outside the city. *Id*. at ¶49.

The drivers have four remaining claims against UPS.[1] Three of those claims are for unpaid overtime wages under the FLSA ("the wage claims"). Doc. 56 at 2. The drivers allege that UPS has not compensated them for overtime hours because it (1) withheld excessive occupational license fees, (2) failed to compensate them for certain rest breaks, and (3) failed to compensate them for certain pre-shift work. *Id*. The fourth claim, asserted only by Plaintiff Cain Pritchett, pertains to alleged retaliatory treatment in violation of the FLSA. *Id*.

The drivers and UPS have entered into a settlement agreement ("the Agreement"). Doc. 56 at 1. Under the Agreement, the drivers release "all claims … of unpaid wages or unpaid overtime, misadministration of occupational license fees, misclassification of rest periods and meal periods, and uncompensated time suffered." Doc. 56-1 at 9. In exchange, UPS agrees to give the drivers a $62,891.31 settlement payment. *Id*. at 2, 15. Additionally, UPS agrees to pay up to $6,005 in

[1] Several other claims were dismissed when the Court granted in part UPS's motion to dismiss. *See* Doc. 37.

litigation costs. Doc. 56 at 6. The Agreement does not include an award of attorneys' fees. *Id*. at 12-13.

The Agreement explains that Plaintiffs' Counsel considered "the expense and time necessary to prosecute the Lawsuit through trial, as well as risks, uncertainty, and costs of further prosecution," and concluded that "the relative benefits conferred on the Plaintiffs under this Agreement are substantial, and thus a settlement with UPS on the terms set forth in this Agreement is fair, reasonable, adequate, and in the best interests of Plaintiffs." Doc. 56-1 at 4. The Agreement also explains that Defense Counsel, though denying any wrongdoing or liability, believes that "further litigation would: (1) be protracted and expensive; (2) divert management and employee time and attention; and (3) involve uncertainties and risks." *Id*. Consequently, Defense Counsel believes it is "appropriate to fully and finally settle the Lawsuit." *Id*.

## ANALYSIS

"In the overwhelming majority of civil actions brought in federal court, settlements are not subject to judicial oversight, scrutiny, or approval." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *2 (S.D. Ala. Feb. 14, 2013). But "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679

F.2d 1350, 1352 (11th Cir. 1982). Even so, in litigation over FLSA wage claims, claims can be settled, but only after the district court has "scrutiniz[ed] the settlement for fairness" and approved it. *Id.* at 1353. The Court also should scrutinize the reasonableness of awards for attorneys' fees or litigation costs. *See Bonetti v. Embarq Mgmt. Co.*, No. 07-cv-1335-Orl, 2009 WL 10670428, at *2 (M.D. Fla. June 15, 2009).

There is a strong presumption that settlement of FLSA wage claims is fair. *See King v. My Online Neighborhood, Inc.*, No. 06-cv-435, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007). Scrutinizing the fairness of a FLSA settlement agreement is essentially a totality-of-the-circumstances inquiry. *See Richter v. Dolgencorp, Inc.*, No. 06-cv-01537, 2014 WL 6645542, at *1 (N.D. Ala. Nov. 24, 2014) ("[T]he totality of the proposed settlement is fair and reasonable."). District courts, however, have considered the following factors: (1) the existence of fraud or collusion behind the agreement; (2) the litigation's likely complexity, risk, expense, and duration; (3) the stage of litigation and the discovery completed; (4) the plaintiff's probability of success; (5) the range of the plaintiff's possible recovery; and (6) the opinions of counsel. *King*, 2007 WL 737575, at *3 (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Settlement of a retaliation claim is not subject to judicial review unless it "contaminates" the settlement of an associated FLSA wage claim. *See Hernandez v. Iron Container, LLC*, 2014 WL 633848, at *2 (S.D. Fla. Feb. 18, 2014).

**I. The Settlement of the Drivers' Wage Claims is Fair.**

In this case, there is no evidence of fraud or collusion behind the Agreement. Rather, the parties "dispute whether … liability exists." Doc. 56 at 10. The case was filed in February 2024, Doc. 1, and the parties engaged in motion to dismiss briefing that resulted in several of Plaintiffs' claims being dismissed. Doc. 37. Moreover, the parties reached a settlement agreement only "after extensive conferrals regarding the claims at issue and after exchanging multiple demands and counteroffers." Doc. 56 at 11. Consequently, this factor suggests that the Agreement is fair.

The complexity, risk, expense, and likely duration of the litigation also suggest that the agreement is fair. Plaintiffs' Counsel believes that "the expense and time necessary to prosecute the Lawsuit through trial, as well as risks, uncertainty, and costs of further prosecution," render "the relative benefits conferred on the Plaintiffs under this Agreement … substantial." Doc. 56-1 at 4. Similarly, counsel for UPS believes that further litigation will "be protracted and expensive … divert management and employee time and attention; and … involve uncertainties and risks." *Id*. The parties are best situated to understand the risks of continued litigation, and their assertions appear credible. The allegations of uncompensated meal times

and pre-shift work turn not only on fact-bound inquiries as to each Plaintiff, but also legal issues that could sink both of those claims and the claim related to licensing fees. As the parties note, Defendants contend that Plaintiffs "were exempt from FLSA's overtime requirements under the Motor Carrier Act" and "that Plaintiffs were in fact paid overtime well in excess of what was required under the FLSA, by being paid overtime for all time worked over 8 hours per day, in accordance with …collective bargaining agreements" to which Plaintiffs are subject. Doc. 56 at 12.

The stage of the proceedings and the amount of discovery conducted likewise indicate that the Agreement is fair. Plaintiffs have explained that "the settlement was obtained only after extensive pre-litigation investigation and discovery[.]" Doc. 56 at 13. Discovery occurred over several months and included both document discovery and depositions. Doc. 56-1 at 4. The fact that the parties entered into the Agreement with the benefit of investigation and discovery suggests that it is fair.

The driver's probability of success also indicates that the Agreement is fair. Plaintiffs' Counsel, who is in the best position to know the strengths of the drivers' case, believes that the Agreement is "in the [drivers'] best interests." Doc. 56-1 at 4. During a motion hearing on September 23, 2026, Plaintiffs' Counsel explained that uncertainty regarding the proper interpretation of certain exemptions to FLSA's overtime requirements has motivated the drivers to settle their claims. Thus, the

strength of the drivers' case does not appear to be so overwhelming that settlement "extract[s] a disproportionate discount on [the claimed] wages." *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). Consequently, this factor favors finding that the Agreement is fair.

The opinions of counsel also weigh in favor finding that the Agreement is fair. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."). As discussed, counsel for both parties have considered the various risks of continued litigation and decided that the agreement is fair. Doc. 56-1 at 4.

Finally, the drivers' potential range of recovery suggests that the Agreement is fair. The drivers explain that the $62,891.31 settlement fully compensates them for the "amounts [they] contend have been excessively withheld from their pay for payment of the … License Fee." Doc. 56 at 4. And going forward, "Defendant will modify its method of withholding amounts from Plaintiffs' pay, so that withholdings are prorated based on the actual percentage of time each driver spends within the City of Attalla." *Id.* These withholding practices have been "the main focus of Plaintiffs' lawsuit," *id.*, and these two settlement terms "fully satisf[y] the claim." *Id.*

Consistent with their representation that the license fee claim "is the main focus of Plaintiffs' lawsuit," *id.* at 10, Plaintiffs' Counsel represented at the

September 23 hearing that the combined potential recovery for the remaining two wage claims is approximately $58,000. Thus, the settlement agreement provides compensation for at least half of the drivers' potential recovery for their wage claims. Conversely, were Defendants to prevail on their legal arguments, Plaintiffs might recover nothing on any of the three wage claims. Given the inherent risks and costs of litigation, the Court believes that this amount represents a fair compromise.

In sum, "the totality of the proposed settlement is fair and reasonable." *See Richter*, 2014 WL 6645542, at *1.

## II. The Court Need Not Assess the Fairness of the Agreement Regarding Pritchett's Retaliation Claim.

Generally, "the FLSA [does] not compel the Court to approve the fairness of an FLSA retaliatory discharge settlement." *Hernandez*, 2014 WL 633848, at *2. If, however, the settlement of the retaliatory discharge claim "contaminate[s]" an associated wage claim, the court must still scrutinize its fairness. *See Kelly v. Aspire Physical Recovery at Hoover, LLC*, No. 17-cv-00961, 2018 WL 3186961, at *2 (N.D. Ala. June 28, 2018). Because there is no evidence in this case that the settlement of Pritchett's retaliation claim contaminated the Agreement, the Court need not approve the parties' decision to resolve that claim as part of the settlement.

## III. The Agreement's Award of Litigation Costs is Fair.

Prevailing plaintiffs in FLSA suits are entitled to "a reasonable attorney's fee … and costs of the action." 29 U.S.C. § 216(b). The Court must assess the

reasonableness of any fees and costs awarded in a settlement agreement. *See Bonetti*, 2009 WL 10670428, at *2. Because the Agreement does not include an award of attorneys' fees, Doc. 56 at 12-13, the Court need only review its award of costs.

Recoverable "costs" under the FLSA are docket fees, fees of the clerk and marshal, and costs for printing, witnesses, making copies, and court-appointed experts and interpreters. *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 802 (11th Cir. 2012) (citing 28 U.S.C. § 1920). The Court holds that $6,005 is a reasonable award for such expenses incurred over the course of this multi-year litigation. Doc. 56 at 6.

For the reasons set forth above, Plaintiffs' Unopposed Motion for Settlement Agreement Approval (Doc. 56) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Judgment will be entered by separate order.

**DONE** and **ORDERED** this 25th day of September, 2026.



**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE